IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| DORA L. ADKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:25-cv-574 (LMB/IDD) |
| | ) |
| H R B TAX GROUP, INC., | ) |
| | ) |
| Defendant. | ) |

ORDER

Dora L. Adkins, acting pro se, is under multiple pre-filing injunctions by this Court due to her extensive history of filing frivolous civil actions in both Virginia state courts and this Court since at least 1997. See, e.g., Adkins v. Fairfax County Board of Education, 1:97-cv-835-AVB (granting defendant's motion for summary judgment); Adkins v. Fairfax County School Board, 1:98-cv-1071-LMB (granting defendant's motion to dismiss); Adkins v. Fairfax County School Board, 1:99-cv-304-LMB (same). Adkins has continued to file in recent years. See, e.g., Adkins v. Davidson Hotel Co., 1:24-cv-02241-LMB-WBP, aff'd per curiam, No. 25-1016 (4th Cir. 2025) (dismissing sua sponte "fanciful and meritless" claim seeking $960 million in damages from allegedly unsanitary hotel conditions); Adkins v. JPMorgan Chase Bank, 1:24-cv-894-PTG-WBP (denying leave to file a frivolous "Emergency Complaint"); Adkins v. 5 Star/Mar Y Mas, LLC, 1:25-cv-237-CMH-WEF (denying leave to file a complaint that fell squarely within an earlier filing injunction). Adkins's duplicative and vexatious filing history[1]

---

[1] Adkins's other filings in this Court include, but are not limited to, Adkins v. Mercedes-Benz USA, LLC, No. 1:21-cv-00419-RDA-JFA; Adkins v. Public Storage, 1:16-cv-01556-JCC-IDD; Adkins v. Alexandria Towers Investor, LLC, 1:16-cv00491-JCC-TCB; Adkins v. Whole Foods Market Group, Inc., 1:16-cv-0031-CMH-JFA (EDVA); Adkins v. City Of Fairfax - GMU Crimesolvers, Inc., 1:15-cv-00879-ICC-MSN; Adkins v. Bank of America, N.A., 1:14-cv-00563- GBL-JFA; Adkins v. Fairfax County School Board, 1:09-mc-00027-GBL-TCB (EDVA); Adkins v. Fairfax County School Board, et al., 1:08-cv-00091-JCC-JFA; Adkins v. Fairfax County School Board, 1:08-mc-

has been recognized by the Virginia Supreme Court, see Adkins v. CP/IPERS Arlington Hotel, LLC, 293 Va. 446, 452 (2017) (after reviewing 41 of plaintiff's past cases, concluding that plaintiff had "a history of (1) filing duplicative vexatious lawsuits, (2) without any objective good faith basis, and (3) at the expense of the court system and opposing parties."), and the United States Supreme Court, see 1:22-cv-399 [Dkt. No. 14] (recognizing that she "has repeatedly abused this Court's process" and, as a result, ordering that "the Clerk is directed not to accept any further petitions in noncriminal matters from petitioner unless the [$300] docketing fee required by Rule 38(a) is paid and the petition is submitted in compliance with Rule 33.1").

Adkins, nevertheless, has filed another "Motion for Leave to File a Proposed Emergency Complaint," seeking various amounts in damages ranging from $600 million to $1 billion[2] stemming from an H & R Block tax professional's scanning Adkins's W-2's while helping her do her taxes, which scanning allegedly induced in Adkins "severe emotional distress" because she fears being the victim of identity theft. See [Dkt. No 1-1] at 4–5, 46. This extraordinarily high damages demand for what appears to be a routine record-keeping business practice is clear

---

00050-GBL-TRJ; Adkins v. Fairfax County School Board, 1:07-mc-00035-GBL-TCB; Adkins v. Fairfax County School Board, 1:05- mc-00005-GBL-BRP; Adkins v. Fairfax County School Board, 1:04-mc-00048-GBL-TCB; Adkins v. Fairfax County School Board, 1:03-cv-01177-GBL; Adkins v. Fairfax County School Board, 1:04-mc-00053-JCC-TRJ; Adkins v. HBL, LLC, 1:17-cv-00774-TSE-TCB; Adkins v. Whole Food Market Group, Inc., 1:17-cv-1023-AJT-JFA; Adkins v. HEI Tyson's Corner, LLC, 1:18-cv00291-AJT-IDD; Adkins v. Dulles Hotel Corporation, 1:20-cv-00361-RDA-IDD; Adkins v. Hyatt Corporation, 1:20-cv-01410-AJT-MSN; Adkins v. Driftwood Special Servicing, LLC, 1:22-cv-109-AJT-IDD; Adkins v. Merrifield Hotel Associates, L.P., 1:22-cv-399 AJT-IDD; Adkins v. Tyson's Lodging, LLC, 1:22-cv-553-AJT-WEF; Adkins v. Fitness International, LLC, 1:22-cv-577-PTG-IDD; Adkins v. Fitness International, LLC, 1:22-cv-749-PTG-WEF; Adkins v. Ashford TRS Alexandria, LLC, 1:22-cv-790-PTG-WEF; Adkins v. American Service Center Associates of Alexandria, LLC, 1:22-cv-915-RDA-IDD; Adkins v. The Ritz Carlton Hotel Company, LLC, 1:22-cv-934-CMH-WEF; Adkins v. American Service Center, Associates, LLC, et al., 1:22-cv-956-LMB-WEF; and Adkins v. Whole Foods Market Group, 1:22-cv-1114-LMB-IDD.

[2] In the final demand section of her Proposed Complaint, plaintiff seeks $300 million on "Count I: Intentional Infliction of Emotional Distress" and $300 million on "Claim I: Punitive Damages," [Dkt. No. 1-1] at 44, but earlier she states that she seeks "THREE-HUNDRED MILLION DOLLARS" for Count I and "ONE BILLION DOLLARS" in punitive damages, id. at 2.

2

evidence of the meritless nature of the 47-page Complaint that Adkins has attached to her motion. See Falwell v. Chapman, 1:24-cv-1851-LMB-WBP, at *1 (Oct. 24, 2024); Anderson v. Pollard, 2020 WL 9349174, at *2 (E.D. Va. Aug. 24, 2020).

The Court plays an important gatekeeping function, ensuring that claims meet a plausibility threshold before a defendant is subjected to the potential rigors and costs of litigation. See Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Although this Complaint must be afforded a liberal construction because plaintiff is proceeding pro se, liberal construction does not save a complaint as meritless as plaintiff's from dismissal. Accord Naja v. Zahir, 2021 WL 5348671, at *5 (E.D. Va. Nov. 16, 2021). Because the Complaint that Adkins wants to file is as frivolous and fanciful as those she has filed and attempted to file for decades, it is hereby

ORDERED that the Motion for Leave to File [Dkt. No. 1] and the Motion to Expedite [Dkt. No. 2] be and are DENIED.

To appeal this decision, plaintiff must file a written notice of appeal with the Clerk's office within 30 days of the date of this Order. See Fed. R. App. P. 4(a). A written notice of appeal is a short statement indicating a desire to appeal and including the date of the Order the plaintiff wishes to appeal. Failure to file a timely notice of appeal waives the right to appeal this decision.

The Clerk is directed to forward copies of this Order to Plaintiff, pro se, at her address of record and close this civil action.

Entered this 10 day of April, 2025.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge